37 A.3d 1139

IN THE MATTER OF NICHOLAS R. MANZI, AN ATTORNEY AT LAW (ATTORNEY NO. 057711993).

March 16, 2012.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 11–294 and DRB 11–322, recommending on the records certified to the Board pursuant to *Rule* 1:20–4(f)(default by respondent), that **NICHOLAS R. MANZI** of **HAWTHORNE**, who was admitted to the bar of this State in 1993, and who has been suspended from the practice of law since February 16, 2010,

be suspended from the practice of law for a period of six months for his unethical conduct in DRB 11–322, and disbarred for his unethical conduct in DRB 11–294, for violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.15(a) (knowing misappropriation of client funds), *RPC* 1.15(b) (failure to promptly deliver funds to client), *RPC* 1.15(d) (recordkeeping violations), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(a) (attempt to violate the *Rules of Professional Conduct*), *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and the principles of *In re Wilson,* 81 *N.J.* 451, 409 *A.2d* 1153 (1979), and *In re Hollendonner,* 102 *N.J.* 21, 504 *A.2d* 1174 (1985);

And **NICHOLAS R. MANZI** having failed to appear on the Order directing him to show cause why he should not be disbarred or otherwise disciplined, and good cause appearing;

It is ORDERED that **NICHOLAS R. MANZI** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys;

ORDERED that **NICHOLAS R. MANZI** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by **NICHOLAS R. MANZI** pursuant to *Rule* 1:21-6, which were restrained from disbursement by Order of the Court filed February 16, 2010, shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondents file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual

expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.